UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>J. INES RUIZ-RIVERA,<br><br>                                    Defendant. | Case No.: 3:20-mj-20306-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO FILE EXCESS PAGES (ECF NO. 25);**<br><br>**(2) GRANTING LEAVE TO FILE UNTIMELY MOTION (ECF NO. 38);**<br><br>**(3) DENYING LEAVE TO FILE EXCESS PAGES (ECF NO. 40) AND STRIKING THE MOTIONS FILED AT ECF NO. 39; and**<br><br>**(4) SETTING HEARING AND BRIEFING SCHEDULE FOR REFILING THE MOTIONS** |

Before the Court are Defendant's motions: (1) for leave to file excess pages (ECF No. 25); (2) for leave to file untimely motion (ECF No. 38); and (3) for leave to file excess pages (ECF No. 40).

## I.  BACKGROUND

Defendant is charged with violating 8 U.S.C. § 1325(a)(1), which provides, in relevant part, that "[a]ny alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers . . . shall [be guilty of a misdemeanor]." *See* ECF No. 1. The Government alleges that on February 4, 2020, a United States Customs and Border Protection ("Border Patrol") agent encountered Defendant trying to hide in an area near the Community Center in Jacumba, California, approximately 26 miles east of the Tecate, California Port of Entry and approximately 200 yards north of the United States/Mexico International Boundary. *Id.* at 2. The Government alleges that after being advised of his *Miranda* rights, Defendant agreed to answer questions without an attorney present. *Id.* The Government alleges that during questioning, Defendant stated that he is a citizen of Mexico, and that he entered the United States illegally on February 4, 2020. *Id.*

On May 15, 2020, Defendant filed a consolidated motion to compel discovery, to preserve evidence, to exclude evidence not produced, to suppress statements, and for leave to file further motions. ECF No. 26. The Memorandum of Points and Authorities in support of the motions is 32 pages in length, and the motions are supported by 29 pages of exhibits. *Id.* Defendant filed a separate motion for leave to file excess pages in connection with this motion. ECF No. 25. The Court held a hearing on these motions on June 18, 2020. ECF No. 35. The Court will issue a separate written order on these motions, with the exception of the motion to suppress, which the Court will address on the date of trial.

On July 22, 2020, Defendant filed Motions to: (1) dismiss the complaint, (2) prohibit his unlawful and unconstitutional civil arrest at court; (3) continue the upcoming trial; and (4) stay proceedings if this motion is denied to permit Mr. Ruiz to seek interlocutory review of the denial. ECF No. 39. The Memorandum of Points and

Authorities in support of the motions is 41 pages in length, and the motions are supported by 259 pages of exhibits. *Id.* Defendant filed separate motions in connection with these motions for leave to file them although they are untimely (ECF No. 38), and leave to file excess pages (ECF No. 40).

## II. DISCUSSION

### A. Motions for Leave to File Excess Pages

Criminal Local Rule 47.1.e states that briefs "in support of or in opposition to all motions noticed for the same motion day must not exceed twenty-five (25) pages in length total for all such motions" without leave of court. Despite this limitation, Defendant has filed a total of 73 pages of briefing, accompanied by 288 additional pages of exhibits. The Court implicitly accepted the excess pages in the first set of motions Defendant filed (ECF No. 26) by holding a hearing on the motions. The Court **GRANTS** Defendant's motion for leave to file excess pages in connection with that motion (ECF No. 25).

Defendant filed a second set of motions on July 22, 2020 (ECF No. 38), along with a separate motion for leave to file excess pages (ECF No. 40). The Court has briefly reviewed this motion and finds that the excess pages are, in fact, excessive. Filing briefs with such a large number of pages, many of which appear to contain argument that is cut and pasted from other cases and not tailored to the specifics of this case, imposes a substantial burden on the Court. Although the Court respects Defendant's right to be heard, the Court is confident that the Defendant can succinctly state his positions within the limitations set forth in the Local Rules, particularly since the Court will hold a hearing on the motions. The Court **DENIES** Defendant's motion for leave to file excess pages at ECF No. 40, and **STRIKES** the motions filed at ECF No. 39 from the record.

### B. Motion for Leave to File Untimely Motion

Defendant's second set of motions is also accompanied by a separate motion for leave to file untimely motion. ECF No. 38. Defendant explains in this motion that the issues in the second set of motions raise "important legal and constitutional issues that must be resolved in advance of trial." *Id.* at 2. The Court **GRANTS** Defendant's motion for leave

to file untimely motion. Defendant is granted leave to refile his motions to: (1) dismiss the complaint, (2) prohibit his unlawful and unconstitutional civil arrest at court; (3) continue the upcoming trial; and (4) stay proceedings if this motion is denied to permit Mr. Ruiz to seek interlocutory review of the denial on or before **July 27, 2020**. The refiled motions must comply with the page limitations set forth in Criminal Rule 47.1.e. Any opposition to the motions must be filed on or before **July 31, 2020**. The Court will hear the motions on **August 4, 2020, at 9:30 a.m.**

### III. CONCLUSION

For the reasons set forth above, the Court: (1) **GRANTS** the motion for leave to file excess pages at ECF No. 25, (2) **DENIES** the motion for leave to file excess pages at ECF No. 40, (3) **STRIKES** the motions filed at ECF No. 39 from the record, (4) **GRANTS** the motion for leave to file untimely motion at ECF No. 38, and (5) sets the schedule set forth above for refiling, briefing and hearing the motions. Defendant's trial remains scheduled for August 5, 2020, at 9:30 a.m.

**IT IS SO ORDERED.**

Dated: July 23, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge