UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>J. INES RUIZ-RIVERA,<br><br>                                    Defendant. | Case No.:  3:20-mj-20306-AHG<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO COMPEL DISCOVERY;**<br><br>**(2) DENYING MOTION TO PRESERVE EVIDENCE;**<br><br>**(3) DENYING MOTION FOR LEAVE TO FILE FURTHER MOTIONS;**<br><br>**(4) DEFERRING MOTION TO EXCLUDE EVIDENCE NOT PRODUCED; AND**<br><br>**(5) DEFERRING MOTION TO SUPPRESS STATEMENTS**<br><br>**[ECF NO. 26]** |

Before the Court are several consolidated pretrial motions by Defendant J. Ines Ruiz-Rivera, filed on May 15, 2020. ECF No. 26. The Court took the matters raised in the consolidated motion under submission after oral argument on June 18, 2020. ECF No. 35.

1

For the reasons set forth below, the Court **DENIES** the motions to compel discovery and to preserve evidence, and for leave to file further motions, **WITHOUT PREJUDICE**. The Court **DEFERS** the motions to exclude evidence not produced and suppress statements until trial.

## I. BACKGROUND

Defendant is charged with violating 8 U.S.C. § 1325(a)(1), which provides, in relevant part, that "[a]ny alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers . . . shall [be guilty of a misdemeanor]." *See* ECF No. 1. The Government alleges that on February 4, 2020, a United States Customs and Border Protection ("Border Patrol") agent encountered Defendant trying to hide in an area near the Community Center in Jacumba, California, approximately 26 miles east of the Tecate, California Port of Entry and approximately 200 yards north of the United States/Mexico International Boundary. *Id.* at 2. The Government alleges that after being advised of his *Miranda* rights, Defendant agreed to answer questions without an attorney present. *Id.* The Government alleges that during questioning, Defendant stated that he is a citizen of Mexico, and that he entered the United States illegally on February 4, 2020. *Id.*

## II. DISCUSSION

### A. Motion to Compel Discovery

Defendant asks the Court for an order compelling the Government to produce multiple categories of discovery. In response, the Government confirmed "its continuing obligation to preserve and disclose exculpatory evidence as required by the United States Constitution, Federal Rules of Evidence, *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); the Jencks Act; and the Federal Rules of Criminal Procedure, … ." ECF No. 29 at 2.

At oral argument, counsel acknowledged that discovery is incomplete, and they would meet and confer regarding any specifically disputed discovery items. The Court advised the parties that it considers the information regarding any arresting or testifying

officer's membership in the Facebook "I'm 10-15" group to be subject to discovery, including the fact of membership and any activity within the group, including posts, comments, or likes.

Because there is no current dispute as to discovery, the Court denies Defendant's motion to compel without prejudice.

### B. Motion to Preserve Evidence

Defendant asks the Court for an order compelling the Government to preserve all evidence that "relates to the arrest or the events leading to the arrest in this case." ECF No. 26 at 14. Although the Government objects that Defendant's request for preservation is over broad and imposes too great a duty on the Government, it confirms that it "has taken steps to preserve the evidence in this case such as dispatch tapes and the agents' notes." ECF No. 29 at 7.

Because there is no current dispute as to preservation, the Court denies Defendant's motion to preserve evidence without prejudice.

### C. Motion to Exclude Evidence Not Produced

Defendant does not identify any evidence that should be excluded for failure to produce in its motion, nor does he suggest that there is any such evidence. Because discovery is not complete and this motion is not ripe, the Court will defer it until trial. If Defendant identifies any specific items of evidence that the Government failed to timely produce at that time, the Court will consider the motion.

### D. Motion to Suppress Statements

Defendant argues that statements made prior to and after his arrest should be suppressed. Because it is not clear what statements by Defendant, if any, the Government intend to introduce at trial, the Court defers this motion until trial. The Court will consider the parties' arguments once it is clear which statements are at issue, and what evidence the Government will present to support their admission.

### E. Motion for Leave to File Further Motions

Defendant seeks the Court's approval to file further motions. The Court recently

granted Defendant leave to file specific additional motions. ECF No. 41. Other than the motions referred to in ECF No. 41, Defendant may not file any further motions without first obtaining leave from the Court to do so. The Court therefore denies Defendant's motion for leave to file further motions without prejudice.

### III.  CONCLUSION

For the reasons set forth above, the Court **DENIES** the motions to compel discovery and to preserve evidence, and for leave to file further motions, **WITHOUT PREJUDICE**. The Court **DEFERS** the motions to exclude evidence not produced and suppress statements until trial.

**IT IS SO ORDERED.**

Dated:  July 30, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge