**CHANDRA L. PETERSON**
California State Bar No. 306935
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Chandra_Peterson@fd.org

Attorneys for Mr. Ruiz-Rivera

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>      v.<br><br>J. INES RUIZ-RIVERA,<br><br>              Defendant. | CASE NO.:   20-MJ20306-AHG<br><br><br>MR. RUIZ-RIVERA'S SUPPLEMENTAL MEMORANDUM OF CASES IN SUPPORT OF HIS MOTION TO DISMISS AND PROHIBIT HIS COURTROOM ARREST |

## I.    INTRODUCTION

On July 27, 2020, Mr. Ruiz filed a motion to dismiss the complaint, prohibit his unconstitutional courtroom arrest, and stay these proceedings if the Court were to deny his second request. On August 4, 2020, this Court heard oral argument on these motions. Additionally, this Court stated it would allow each party to file any additional cases it would like the Court to consider.

Mr. Ruiz requests this Court consider the following additional cases.

## II.    SUPPLEMENTAL CASES FOR MOTION TO DISSMIS

### A.    Attempt Liability is inextricably intertwined with the substantive offense and the broadening of the offense to add "attempt" does not cancel the original discriminatory purpose.

- *Bunty Ngaeth v. Mukasey*, 545 F.3d 796, 801 (9th Cir. 2008) (adopting that generic definition for purposes of the categorical approach)

- *United States v. Morales-Perez*, 467 F.3d 1219, 1222 (9th Cir. 2006) (same, in sentencing context);

- *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1192 (9th Cir. 2000) (collecting authorities for that definition).

**B.     Attempt Principles informed § 1325 prosecutions before 1990.**

- *United States v. Martin Plascencia*, 532 F.2d 1316 (1976) (Alien was guilty of "illegal entry" though at the time of his arrest he was still nominally within the confines of a port of entry, where, prior to that time, he was under no official restraint, and at time of arrest was 50 yards into the United States and attempting to scale a concrete wall, after having crawled through or under two chain link fences).

**C.     Because Mr. Ruiz challenges his unequal treatment by *prosecutors and judges* in a *criminal* case, rather than a law passed by *Congress* in an *immigration* case, the normal deference afforded to Congress's broad authority over immigration dos not apply and mere rational basis review is inappropriate.**

- *Wong Wing v. United States*, 163 U.S. 228, 234 -237 (1896) (holding that Congress has plenary power to "exclude aliens … prescribe the terms and conditions upon which they may come to this country" and enforce these policies without judicial intervention, **but those plenary powers do not** authorize imprisoning noncitizens without the constitutional rights given to criminal defendants);

-  *Accord I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1042 (1984) (recognizing additional protections in the criminal context);

- *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987)("That Congress did not intend the validity of the deportation order to be contestable in a § 1326 prosecution does not end our inquiry. If the statute envisions that a court may impose a criminal penalty for reentry after any deportation, regardless of how violative of the rights of the alien the deportation proceeding may have been, the statute does not comport with the

2

1  constitutional requirement of due process.”);

2  • *Valenzuela Gallardo v. Barr*, __ F.3d __, No. 18-72593, 2020 WL 4519085,

3  at *5 (9th Cir. Aug. 6, 2020) (And only last week, the Ninth Circuit

4  confirmed that courts afford no deference to “dual use” statutes that apply in

5  both criminal and immigration proceedings—let alone statutes that are

6  purely criminal).

7  • *Zadvydas v. Davis*, 533 U.S. 678, 695 (2001) (Congress’s “plenary power”

8  to create immigration law “is subject to important constitutional

9  limitations.”).

### III.   CONCLUSION

11  For all of the reasons stated in Mr. Ruiz’s motion to dismiss and these

12  supplemental cases, Mr. Ruiz requests this Court grant his motion.

Respectfully submitted,

Dated:  August 11, 2020          *s/ Chandra L. Peterson*
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Ruiz-Rivera
Email:  Chandra_Peterson@fd.org